UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

Rosvy Suriel,

                       Plaintiff,

            -against-

The City of New York; Anthony Rumph, in his individual capacity; Undercover Officer Shield Number 0036, in his individual capacity; Alberto Pizarro, in his individual capacity; John Does 1 through 5, each in his individual capacity;

                    Defendants.

</td></tr>
</table>

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL

14 Civ. 2454 (DLC) (HBP)

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

-1-

**JURY DEMAND**

5.      The Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

**PARTIES**

6.      Plaintiff Rosvy Suriel is a resident of the Bronx, where she live with her mother.

7.      Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.      The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.      At all relevant times herein, defendants Anthony Rumph, Undercover Officer Shield Number 0036, Alberto Pizarro, and John Does 1 through 5 (collectively, the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10.     At all times relevant herein, Defendants Anthony Rumph and Alberto Pizarro held the rank of Detective.

11.     At all times relevant herein, the Individual Defendants were acting under color of

state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

12.     The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

13.     On September 11, 2013, at about 3:45 PM, Plaintiff Rosvy Suriel was talking on her phone in front of a barbershop and beauty salon located at 809 Hunts Point Avenue in the Bronx.

14.     A van pulled up behind her and an officer, on information and belief defendant Detective Anthony Rumph, came up from behind her and pulled Ms. Suriel's arm behind her back.

15.     Detective Rumph was not in uniform and did not identify himself as a police officer.

16.     Ms. Suriel instinctively pulled her arm away from Detective Rumph.  Detective Rumph then proceeded to grab Ms. Suriel—who is significantly smaller than he—around her ribs from behind, lift her up and, still holding on to her, thrust her into the plate glass window of the barbershop.

17.     Both Ms. Suriel and Detective Rumph when through the window, causing Ms. Suriel, who was wearing shorts and a sleeveless top, to suffer lacerations all over her body.

18.     With Ms. Suriel legs half out of the window and resting on the jagged glass of the shattered window pane, another of the Individual Defendants on the outside of the building grabbed her legs and pulled them up and down, causing further injury.

19.     Ms. Suriel was then handcuffed by another of the Individual Defendants and then placed into the back of a waiting police car.

20.     Though she was bleeding profusely the entire time, none of the Individual Defendants made any attempt to give or get any medical assistance to Mr. Suriel.

21.     Ms. Suriel was brought to the NYPD's 41st Precinct where she was placed in a cell by herself and handcuffed to a bench.

22.     Except for being allowed one visit to the bathroom, Ms. Suriel sat on that bench for over five hours, during which time she still bleeding and in great pain.

23.     Ms. Suriel, who was obviously injured and suffering greatly, made repeated pleas for help.

24.     Ms. Suriel's mother and the principal of the high school she had attended also came to the precinct and requested that Ms. Suriel be given medical attention.

25.     Ms. Suriel's, her mother's and her former principal's pleas were ignored by the police until she was finally brought by the police to the Emergency Department of North Central Bronx Hospital for treatment at approximately 9:30 PM.

26.     After she was treated, Ms. Suriel was returned to the precinct and then brought to Central Booking in the Bronx, where, after more than 30 hours in police custody, she was eventually arraigned on a misdemeanor complaint and released on her own recognizance.

27.     The misdemeanor complaint was sworn out by Detective Pizarro and charged Ms. Suriel with resisting arrest (N.Y. Penal Law § 205.30), obstruction of governmental administration in the second degree  (N.Y. Penal Law § 195.05), and harassment in the second degree (N.Y. Penal Law §§ 240.260(1)).

-4-

28.     In the misdemeanor complaint, Detective Pizarro alleged that he was "informed by Undercover Officer, Shield # 0036, that at the above time and place [approximately 3:45 PM in front of 809 Hunts Point Avenue] he was assisting in an undercover narcotics operation, and that while [he] was walking away from the above mentioned location, [Ms. Suriel] approached him and started screaming in sum and substance:  GET AWAY HE'S THE POLICE.  GET AWAY HE'S THE POLICE" and that Ms. Suriel "pushed [Undercover 0036] with both hands."

29.     Detective Pizarro further alleges that he "is informed by [Detective Rumph] that at [approximately 3:45 PM in front of 809 Hunts Point Avenue] he attempted to arrest [Ms. Suriel] for the aforementioned conduct and [Ms. Suriel] flailed her arms, twisted her body, and kicked her legs, refusing to be handcuffed."

30.     The allegations of Undercover 0036 and Detective Rumph to Detective Pizarro were false.

31.     The charges against Ms. Suriel were adjourned in contemplation of dismissal and ultimately dismissed.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

32.     All other paragraphs herein are incorporated by reference as though fully set forth.

33.     The aforementioned acts deprived Plaintiff of her rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the Individual Defendants in their

capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

36.     The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     The Individual Defendants' conduct was the proximate cause of the injuries and damages sustained by Plaintiff.

**SECOND CAUSE OF ACTION**
**False Arrest under 42 U.S.C. § 1983**
**Against the Individual Defendants**

38.     All other paragraphs herein are incorporated by reference as though fully set forth.

39.     By intentionally confining, arresting, imprisoning and detaining Plaintiff without probable cause, privilege or consent, the Individual Defendants engaged under color of law in the violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures and false arrest and imprisonment.

**THIRD CAUSE OF ACTION**
**Excessive Force under 42 U.S.C. § 1983**
**Against the Individual Defendants**

40.     All other paragraphs herein are incorporated by reference as though fully set forth.

41.     By the actions described herein, the Individual Defendants engaged under color of law in the violation of her rights under the Fourth and Fourteenth Amendments to the United States

Constitution and 42 U.S.C. § 1983 to be free from excessive force.

## FOURTH CAUSE OF ACTION
## Failure to Intervene under 42 U.S.C. § 1983
## Against the Individual Defendants

42.     All other paragraphs herein are incorporated by reference as though fully set forth.

43.     Each of the Individual Defendants who were present and who did not participate in unconstitutional seizure or excessive force against Plaintiff had a duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights.

44.     These Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights despite having been in the position and the opportunity to do so.

## SIXTH CAUSE OF ACTION
## 42 U.S.C. § 1983 Against the City of New York

45.     All other paragraphs herein are incorporated by reference as though fully set forth.

46.     Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

47.     At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said

defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     At all times material to this Complaint, the defendant City, acting through the NYPD, knew or should have known that defendant Pizarro was unfit as a police officer and a detective insofar as, *inter alia*, he had previously committed tortuous and unconstitutional acts of a similar nature to those alleged herein and that he had a propensity for tortuous and unconstitutional conduct. Defendant Pizarro has been sued for in Federal Court for civil rights violations in the following cases:

*Lashley, et al. v. Johnson, et al.*, 2009 Civ. 01616  (EDNY)

*Manson v. City of New York, et al.*, 2009 Civ. 03289 (EDNY)

*Joyner, et al v. City of New York, et al.*, 2009 Civ. 04055 (EDNY)

*Daniely v. The City of New York, et al.*, 2010 Civ. 02200 (EDNY)

*Pitters v. City of New York, et al.*, 2008 Civ. 07167 (SDNY)

*Morales v. New York City, et al.*, 2012 Civ. 06337 (SDNY)

*Carlisle, et al. v. The City Of New York City, et al.*, 2012 Civ. 08890 (SDNY)

50.     At all times material to this Complaint, the defendant City, acting through the NYPD, knew or should have known that defendant Rumph was unfit as a police officer and a detective insofar as, *inter alia*, he had previously committed tortuous and unconstitutional acts of a similar nature to those alleged herein and that he had a propensity for tortuous and unconstitutional conduct. Defendant Rumph has been sued for in Federal Court for civil rights violations in the following cases:

*Berisha v. Scoppetta et al.*, 2002 Civ. 01142 (ENDY)

*Jackson Jr. v. The City of New York et al.*, 2005 Civ. 00271 (SDNY)

*Jackson, et al. v. City of New York, et al.*, 2008 Civ. 05025 (SDNY)

*Rahman v. City of New York et al.*, 2011 Civ. 07506 (SDNY)

*Himes v. The City of New York et al.*, 2012 Civ. 07260 (SDNY)

*Ortiz v. City of New York et al.*, 2012 Civ. 09028 (SDNY)

WHEREFORE, Plaintiff requests that this Court:

1.  Assume jurisdiction over this matter;

2.  Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3.  Award Plaintiff reasonable costs, disbursements and attorney's fees; and

4.  Grant any other relief the court deems appropriate.

Dated:  New York, New York
         April 7, 2014

Respectfully submitted,

Darius Wadia, L.L.C.

/s/

_____
By:  Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com